Dear Mr. Olinde,
You have requested an opinion of the Attorney General on the powers of Caddo Fire Protection District No. 3 ("District Three") in relation to and independent of its governing authority. The three specific issues you have presented for our review will be addressed in an order consistent with that of the request.
Your first question is as follows:
 (1) Can District Three be governed by any means other than a board of commissioners which is separate from the governing authority of Caddo Parish and the governing authority of Greenwood?
You state in your request that District Three lies fully within Caddo Parish and encompasses the incorporated municipality of Greenwood. You further state that the Town of Greenwood was created prior to District Three and before
1970. This established, the applicable statutory provision is LSA-R.S. 40:1495, which states:
 A. If no municipal corporation is included within the boundaries of a district comprising all or part of a single parish, the parish governing authority may be the governing body of the district or may appoint a board of commissioners to serve as the governing body for the district.
 B. (1) If a municipal corporation is included within the boundaries of a district, or if the boundaries of a district comprise all or part of two or more parishes, the governing body of the district shall consist of a board of commissioners of the district.
 2) However, the parish governing authority may in its discretion continue to be the governing body of the district in those instances where a municipal corporation lying within the boundaries of the district is created after the creation of the district and after 1970." (Emphasis added.)
The facts surrounding District Three, as discussed above, remove it from the scope of Subparts (A) and (B)(2) of the statute. Greenwood was created before 1970 and the creation of District Three. The mandatory language of Subpart (B)(1) therefore applies, exclusively imposing a "board of commissioners" as the proper governing body for the District. See, also, LSA-R.S. 1:3
("The word "shall" is mandatory . . .").
Your second question is as follows:
 (2) Can District Three's Board of Commissioners be appointed other than as provided in LSA-R.S. 40:1496(B)(2)?
LSA-R.S. 40:1496(A) and (B)(2) states:
A. The board of commissioners shall consist of five members.
 B. In the case of a district comprising all or part of a single parish, members shall be appointed as follows:
 (2) In the case where one municipality is included within the boundaries of a district lying within a single parish:
 (a) Two members shall be appointed by the parish governing authority.
 (b) Two members shall be appointed by the governing authority of the municipality; and
 (c) One shall be selected by the other four members and shall serve as chairman of the board.
Assuming that the Town of Greenwood is the only incorporated municipality in District Three, this provision would be the sole source of authority in the appointment of commission members. We again direct you to the mandatory language of the statute in support of this conclusion.
Should there be other incorporated municipalities included within the boundaries of District Three, Subparts (B)(3) or (4) may apply. These provisions differ from Subpart (B)(2) only in that they allow each incorporated municipality to appoint its own member to the board. The parish maintains its two-member quotient and the chairman of the board is still selected by all the other board members.
Your third question is as follows:
 (3) Does Article VI, Section 15 of the Louisiana Constitution and/or Section 8-08 of the Caddo Parish Home Rule Charter give the Caddo Parish governing authority general power to approve or disapprove any charge or tax levied or bond issued by District Three?
Article VI, Section 15 of the 1974 Louisiana Constitution states:
 Section 15. The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency.
You cite in your opinion request Section 8-08 of the Caddo Parish Home Rule Charter, which provides:
 A. The commission shall have general power over any agency heretofore created by the governing authority of Caddo Parish or hereafter created by the commission including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency.
Fire protection districts are created by parish governing authorities pursuant to LSA-R.S. 40:1492(A). LSA-Const. Art. VI, Section 15 (1974) specifically grants power to a local governing authority, over any agency created by it, to approve or disapprove of any charge or tax levied or bond issued by the agency. Additionally, the Caddo Parish government, through its home rule charter, has specifically given the power to the commission over any agency created by the governingauthority to approve or disapprove of any charge or tax levied or bond issued by the agency.
Therefore, it is the opinion of this office that the Caddo Parish Board of Commissioners has the specific power of approving any charge or tax levied or bond issued by Fire Protection District No. 3 of Caddo Parish.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please contact our office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI:ARL/pb/0308s
Mr. Henry D.H. Olinde, Jr., Esq. Durio, Payne Olinde, L.L.P. 333 Laurel Street, Suite 547 Baton Rouge, Louisiana 70801
DATE RECEIVED: 5/31/94
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL